UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ELISABETH DOHERTY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:17-CV-10161 |
| | ) |
| AMERICAN INTERNATIONAL | ) |
| COLLEGE, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S ANSWER TO COMPLAINT**

Defendant American International College ("Defendant," "AIC" or "the College") hereby

responds to Plaintiff Elisabeth Doherty's Complaint as follows:

**PARTIES AND JURISDICTION**

1.      Defendant lacks sufficient information or knowledge to either admit or deny the

allegations in paragraph 1.

2.      Admitted.

3.      Paragraph 3 states a legal conclusion to which no response is required of

Defendant.

4.      Paragraph 4 states a legal conclusion to which no response is required of

Defendant.

5.      Defendant admits that Doherty was a full-time student at AIC, was a member of

the women's lacrosse team and received an athletic grant related to her membership on the

lacrosse team which covered a portion of her tuition.  Defendant lacks sufficient information or

knowledge to either admit or deny the remaining allegations in paragraph 5.

6.      Defendant admits that early on the morning of August 30, 2014, Doherty reported to Campus Police that she was sexually assaulted by Reggie Robinson, who was a student at AIC and a member of the football team.  Defendant lacks sufficient information or knowledge to either admit or deny the remaining allegations in paragraph 6.

7.      Defendant admits that Robinson was a student at AIC.  Defendant lacks sufficient information or knowledge to either admit or deny the remaining allegations in paragraph 7.

8.      Defendant admits that Doherty provided purported text messages between her and Robinson from the early morning of August 30, 2014, which indicate that Robinson asked Doherty if she wanted to come to his room.

9.      Defendant lacks sufficient information or knowledge to either admit or deny the allegations in paragraph 9.

10.      Defendant lacks sufficient information or knowledge to either admit or deny the allegations in paragraph 10.

11.      Defendant lacks sufficient information or knowledge to either admit or deny the allegations in paragraph 11.

12.      Defendant lacks sufficient information or knowledge to either admit or deny the allegations in paragraph 12.

13.      Defendant lacks sufficient information or knowledge to either admit or deny the allegations in paragraph 13.

14.      Defendant lacks sufficient information or knowledge to either admit or deny the allegations in paragraph 14.

15.      Defendant lacks sufficient information or knowledge to either admit or deny the allegations in paragraph 15.

{Client Files/300173/0020/PLD/F1133895.DOCX;1}

16.     Defendant lacks sufficient information or knowledge to either admit or deny the allegations in paragraph 16.

17.     Defendant lacks sufficient information or knowledge to either admit or deny the allegations in paragraph 17.

18.     Defendant lacks sufficient information or knowledge to either admit or deny the allegations in paragraph 18.

19.     Defendant lacks sufficient information or knowledge to either admit or deny the allegations in paragraph 19.

20.     Defendant lacks sufficient information or knowledge to either admit or deny the allegations in paragraph 20.

21.     Defendant admits that at approximately 3:00 a.m. on August 30, 2014, Doherty reported to Campus Police that she was sexually assaulted.

22.     Defendant admits that shortly after Doherty reported to Campus Police, Nicolle Cestero was contacted at home and she immediately responded to Campus Police.

23.     Defendant admits that Cestero immediately provided Doherty with Title IX paperwork and information, offered Doherty resources and support, and that Doherty's parents arrived at Campus Police.  The remaining allegations in paragraph 23 are denied.

24.     Defendant admits that Doherty had not made a decision at that time as to whether or not she wanted to pursue a formal complaint and Cestero informed Doherty that an informal investigation would start.  Defendant lacks sufficient information or knowledge to either admit or deny the remaining allegations in paragraph 24.

25.     Defendant admits that prior to leaving Campus Police, Doherty provided Cestero with purported text messages between her and Robinson from the early morning of August 30,

3

2014.  Defendant lacks sufficient information or knowledge to either admit or deny the remaining allegations in paragraph 25.

26.     Defendant admits that it was notified that Doherty went to Brigham & Women's Hospital to have a rape kit on August 31, 2014.  Defendant lacks sufficient information or knowledge to either admit or deny the remaining allegations in paragraph 26.

27.     Defendant denies that there was no contact from Cestero to Doherty in the days following Doherty's report.  Defendant lacks sufficient information or knowledge to either admit or deny the remaining allegations in paragraph 27.

28.     Denied.

29.     Defendant lacks sufficient information or knowledge to either admit or deny the allegations in first sentence of paragraph 29.  The remaining allegations in paragraph 29 are denied.

30.     Defendant lacks sufficient information or knowledge to either admit or deny the allegations in the first sentence of paragraph 30 regarding what Doherty understood.   Defendant lacks sufficient information or knowledge to either admit or deny the allegations in the second sentence of paragraph 30.  The remaining allegations in paragraph 30 are denied.

31.     Defendant admits that Cestero informed Doherty that the College had issued a no contract order to Robinson which stated that he would only be allowed to be on campus to attend class and football practice.  Defendant is without sufficient information or knowledge to either admit or deny the remaining allegations in paragraph 31.

32.     Defendant lacks sufficient information or knowledge to either admit or deny the allegations in paragraph 32.

33.     Denied.

{Client Files/300173/0020/PLD/F1133895.DOCX;1}

34.     Defendant admits that Doherty returned to campus approximately two weeks after her report.  Defendant lacks sufficient information or knowledge to either admit or deny the remaining allegations in paragraph 34.

35.     Defendant lacks sufficient information or knowledge to either admit or deny the allegations in paragraph 35.

36.     Denied.

37.     Defendant lacks sufficient information or knowledge to either admit or deny the allegations in paragraph 37.

38.     Defendant admits that it was notified by the Springfield Police Department on September 17, 2014, that Doherty had made a report.  Defendant lacks sufficient information or knowledge to either admit or deny the remaining allegations in paragraph 38.

39.     Denied.

40.     Defendant admits that Cestero contacted Doherty after Robinson withdrew from AIC.  The remaining allegations in paragraph 40 are denied.

41.     Admitted that between September 12, 2014 and October 15, 2014, Doherty met with AIC investigators and was cooperative, and returned to classes during this time.  Defendant lacks sufficient information or knowledge to either admit or deny the remaining allegations in paragraph 41.

42.     Defendant lacks sufficient information or knowledge to either admit or deny the allegations in paragraph 42.

43.     Defendant denies that allegations in paragraph 43 because the letter regarding the hearing was sent to Doherty on October 21, 2014, and she responded that day

{Client Files/300173/0020/PLD/F1133895.DOCX;1}

44.     Defendant admits that the hearing took place on October 27, 2014, and Doherty was told that the board would be asking questions about her report of sexual assault.

45.     Defendant admits that Robinson was notified about the hearing but did not attend.

46.     Defendant lacks sufficient information or knowledge to either admit or deny the allegations in last sentence of paragraph 46.  The remaining allegations in paragraph 46 are denied.

47.     Denied.

48.     Denied.

49.     Defendant admits the allegations in the first sentence of paragraph 49.  The allegations in the second and fourth sentences of paragraph 49 are denied.  Defendant lacks sufficient information or knowledge to either admit or deny the allegations in the third sentence of paragraph 49.

50.     Defendant admits that Doherty was told that she could review the hearing documents.  The remaining allegations in paragraph 50 are denied.

51.     Defendant admits that it received withdrawal forms from Doherty but lacks sufficient information or knowledge as to the date that she sent them.

52.     Denied.

53.     Defendant admits that the letter regarding the outcome of the hearing was sent on October 29, 2014 but lacks sufficient information or knowledge to either admit or deny when Doherty received the letter.

54.     Defendant admits that Doherty filed an appeal on November 5, 2014.  Defendant admits that the letter advising Doherty of the denial of her appeal was sent on October 29, 2014

and included the quoted language, but lacks sufficient information or knowledge to either admit or deny when Doherty received the letter.

55.     Denied.

COUNT I
(VIOLATION OF TITLE IX)

56.     Defendant repeats and realleges its responses to paragraphs 1 through 55 as if fully set forth herein.

57.     Denied.

58.     Denied.

59.     Defendant admits that it had notice that Doherty reported an assault and that College officials have a duty to address and respond to reports of sexual assault by students.  The College states that it immediately began a prompt and thorough investigation of Doherty's allegations.  Defendants deny the remaining allegations in paragraph 59.

60.     Defendant admits that it is aware that sexual assaults occur on college campuses. The allegations in the third sentence of paragraph 60 are denied.  Defendant lacks sufficient information or knowledge to either admit or deny the balance of allegations in paragraph 60, which are related to unsupported statistics regarding sexual assault on college campuses.

61.     Denied.

62.     Denied.

63.     Denied.

64.     Denied.

65.     Denied.

66.     Denied.

7

67.     Denied.

68.     Denied.

69.     Defendant admits that Doherty reported that she was sexually assaulted in a Resident Hall that is operated by the College.  The remaining allegations in paragraph 69 are denied.

70.     Denied.

71.     Admitted.

72.     Denied.

73.     Defendant admits that it applied a preponderance of evidence in making a determination in Doherty's case and that the third sentence of paragraph 73 contains excerpted language from the broader definition of consent contained in the College's sexual misconduct policy.  The remaining allegations in paragraph 73 are denied.

74.     Denied.

75.     Denied.

76.     The first sentence of paragraph 76 is denied.  The second sentence of paragraph 76 states a legal conclusion to which no answer is required of the Defendant.

77.     Denied.

78.     Denied.

79.     Defendant denies the allegations in the last sentence of paragraph 79.  The remaining allegations in paragraph 79 are admitted.

80.     Denied.

{Client Files/300173/0020/PLD/F1133895.DOCX;1}

## COUNT II
### (NEGLIGENCE)

81.     Defendant repeats and realleges its responses to paragraphs 1 through 80 as if fully set forth herein.

82.     Defendant states that the College's publications speak for themselves, and Defendant denies the allegations of paragraph 82 to the extent that they are inconsistent with those publications.

83.     The allegations of paragraph 83 constitute of statement of law to which no answer is required; to the extent an answer is required, Defendants deny any negligent conduct.

84.     Defendant states that the College's publications speak for themselves, and Defendant denies the allegations of paragraph 84 to the extent that they are inconsistent with those publications.

85.     Defendant states that the College's publications speak for themselves, and Defendant denies the allegations of paragraph 85 to the extent that they are inconsistent with those publications.

86.     Denied.

87.     Denied.

88.     Denied.

89.     Denied.

90.     Denied.

91.     Denied.

92.     Denied.

93.     Denied.

## COUNT III
### (NEGLIGENCE INFLICTION OF EMOTIONAL DISTRESS)

94.     Defendant repeats and realleges its responses to paragraphs 1 through 93 as if fully set forth herein.

95.     The allegations of paragraph 95 constitute of statement of law to which no answer is required; to the extent an answer is required, Defendants deny any negligent conduct.

96.     Denied.

97.     Denied.

98.     Denied.

99.     Denied.

100.    Denied.

101.    Denied.

102.    Denied.

103.    Denied.

## COUNT III
### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

104.    Defendant repeats and realleges its responses to paragraphs 1 through 103 as if fully set forth herein.

105.    The allegations of paragraph 105 constitute of statement of law to which no answer is required; to the extent an answer is required, Defendants deny any tortious conduct.

106.    Denied.

107.    Denied.

108.    Denied.

109.    Denied.

{Client Files/300173/0020/PLD/F1133895.DOCX;1}

110.    Denied.

111.    Denied.

112.    Denied.

113.    Denied.

114.    Denied.

In response to the Plaintiff's request for relief, Defendant denies that the Plaintiff is entitled to relief of any kind.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

AIC is not subject to liability under Title IX because the College did not act with "deliberate indifference" in response to Plaintiff's report.

### FOURTH AFFIRMATIVE DEFENSE

AIC is not subject to liability under Title IX because the College has an effective policy for reporting and redressing sexual assault and other types of sex discrimination, pursuant to which the College offered Plaintiff resources and support, conducted a prompt and thorough investigation of Plaintiff's allegations, and implemented appropriate corrective actions.

### FIFTH AFFIRMATIVE DEFENSE

AIC is not subject to liability under Title IX for an alleged failure to comply with Title IX regulations or guidance promulgated by the United States Department of Education.

11

{Client Files/300173/0020/PLD/F1133895.DOCX;1}

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff has no private claim under Title IX for alleged violations of Title IX's administrative requirements.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant is not subject to liability under Plaintiff's negligence claims because Defendant did not breach a duty to Plaintiff recognized by law.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant is not subject to liability under Plaintiff's negligence claims because Defendant's alleged breach of duty did not proximately cause her alleged injury.

## NINTH AFFIRMATIVE DEFENSE

Defendant is not subject to liability under Plaintiff's negligent and intentional infliction of emotional distress claims because Plaintiff cannot establish that a reasonable person would have suffered emotional distress due to the Defendant's actions.

## TENTH AFFIRMATIVE DEFENSE

Defendant is not subject to liability under Plaintiff's intentional infliction of emotional distress claim because Defendant did not engage in any extreme or outrageous conduct.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant is not subject to tort liability because its actions were legitimate and privileged, and undertaken without intent to cause harm.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her damages, if any.

{Client Files/300173/0020/PLD/F1133895.DOCX;1}

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover compensatory damages, punitive damages, attorneys' fees, or costs.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendant hereby gives notice that it intends to rely upon such further defenses as may become available and apparent during discovery proceedings in this case and hereby reserves the right to amend this answer and assert such defenses.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's tort claims against AIC, a Massachusetts charitable corporation, are barred or capped by the Massachusetts Charitable Immunity Act, M.G.L. Chapter 231, Section 85K.

WHEREFORE, Defendant requests that this action be dismissed with prejudice and that this Court award Defendant its costs and expenses, including attorneys' fees, and that this Court grant such other relief as it deems appropriate and just.

### JURY DEMAND

Defendant hereby demands a trial by jury on all counts so triable.

AMERICAN INTERNATIONAL COLLEGE

By Its Attorneys,

/s/ *Ariel G. Sullivan*

Ariel G. Sullivan (BBO #673343)
BOWDITCH & DEWEY, LLP
175 Crossing Boulevard, Suite 500
Framingham, MA 01702
Telephone:  508-926-3651
Facsimile:   508-929-3189
e-mail:  ASULLIVAN@BOWDITCH.COM

13

Date:  June 9, 2017

## **CERTIFICATE OF SERVICE**

I Ariel G. Sullivan hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 9, 2017.


*/s/ Ariel G. Sullivan*
Ariel G. Sullivan

{Client Files/300173/0020/PLD/F1133895.DOCX;1}